The People of the State of New York, Respondent, v. Wesley Johnson, Appellant.— Judgment entered September 30, 1965 insofar as said judgment resentences defendant as a second offender nunc pro tunc as of October 14, 1959, reversed, on the law, to the extent of setting aside the resentence and remanding the case to the Supreme Court for resentencing. Defendant was convicted following trial and sentenced on October 14, 1959 as a second felony offender to two concurrent terms of not less than 5 nor more than 10 years. Thereafter and in 1965 defendant moved to vacate the sentence on the ground that he had not been represented by counsel at the time of his prior felony conviction in Texas in 1940 (cf. Penal Law, § 1943; People v. Cornish, 21 A D 2d 280). On February 26, 1965 with the consent of the District Attorney the prior sentence was vacated and appellant was

resentenced as a first felony offender to the identical concurrent indefinite terms of imprisonment previously imposed. Thereafter the prosecutor moved to set aside this resentence on the ground that the prior felony conviction was valid as the Texas records showed that defendant had been represented by counsel. On April 30, 1965 the resentence was vacated and on June 2, 1965 appellant was arraigned on a new second offender information. It is clear from the transcript of proceedings on the latter date that defendant demanded a hearing on the issue, among others, as to whether or not he had been represented by counsel at the time of the prior foreign State conviction. The indorsements on the indictment disclose that the proceeding was successively adjourned to June 21 and September 15, 1965. The record (indorsement on indictment and transcript of hearing) before us discloses that the next action took place on September 30, 1965. It may be gathered therefrom that a jury trial had been commenced prior thereto which had been terminated by defendant's admission that he was the same person who had been convicted in 1940. The proceeding on September 30 appears to have been solely for the purpose of resentence. Defendant, however, again raised the issue that the prior 1940 conviction was invalid as he had not been represented by counsel at the time thereof. This application was denied by the court on the ground the "issue had been duly tried and adjudicated." This ruling is not substantiated by the record. There is a complete void therein from June 21, 1965 until the resentence proceedings on September 30, 1965. It follows that on the record a substantial right of appellant has been violated (cf. *People* v. *Green,* 25 A D 2d 507). It is unnecessary to consider the impact upon the issue tendered of the decision of April 12, 1963 adverse to appellant on the same issue in a habeas corpus proceeding in the United States District Court. While the memorandum decision of the Federal court is in the record before us there is no proof that judgment or order was entered thereon. The implementation of any of the several concepts of former adjudication requires proof of a final judgment or order. (Cf. 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5011.10.) Concur — Breitel, J. P., Rabin, Stevens and Bastow, JJ.; Capozzoli, J., dissents in the following memorandum: I dissent and vote to affirm. The issue as to whether this appellant had counsel in the Texas conviction was decided against him by Judge BRENNAN of the United States District Court, Northern District of New York, after a hearing on a writ of habeas corpus obtained by the appellant on his claim that he had no counsel. Certainly, on this ground alone, without considering the other arguments of the District Attorney, this appellant should not have any additional hearings on this issue, in the absence of any claim which might raise a doubt as to the propriety of this previous holding.